UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                      No. 03-4410

MARCELINE LUM NKWENTI,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-02-612-A)

Submitted: December 19, 2003

Decided: January 23, 2004

Before NIEMEYER, WILLIAMS, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Thomas D. Hughes, IV, LAW OFFICES OF THOMAS D. HUGHES, IV, P.C., Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Thadd A. Prisco, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Marceline Lum Nkwenti appeals her convictions and sentence for conspiracy to commit offenses against the United States, in violation of 18 U.S.C. § 371 (2000), and encouraging or inducing an alien to enter the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) (2000). Nkwenti contends that there was insufficient evidence at trial to find her guilty beyond a reasonable doubt, the district court erred in limiting her cross-examination of a Government witness, and the district court erred in applying a two-level sentencing enhancement for obstruction of justice. Finding no reversible error, we affirm.

We must uphold Nkwenti's convictions on appeal if there is substantial evidence in the record to support it. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government and inquire whether there is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

To prove a conspiracy under 18 U.S.C. § 371, the Government had to establish: (1) an agreement to commit an offense against the United States; (2) willing participation in the conspiracy by the defendant; and (3) an overt act in furtherance of the agreement. *See United States v. Edwards*, 188 F.3d 230, 234 (4th Cir. 1999). Knowledge and participation in the conspiracy may be proved by circumstantial evidence. *See United States v. Meredith*, 824 F.2d 1418, 1428 (4th Cir. 1987). In addition, 8 U.S.C. § 1324(a)(1)(A)(iv) prohibits anyone from encouraging or inducing "an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law."

We have reviewed the record and conclude that Nkwenti is not entitled to relief. In support of the conspiracy charge, the Government presented evidence showing that Sylvester Seghanka attempted to enter the country using a passport, permanent resident identification

card, and other documents that belonged to his brother Valentine Seghanka. The Government showed that Nkwenti accompanied Sylvester Seghanka and carried a stamp in her suitcase that resembled an official immigration permit stamp. Nkwenti's palm pilot, which contained an entry for Valentine Seghanka in the address book, indicated that Nkwenti knew Valentine Seghanka. We find that this evidence was sufficient for a jury to conclude that Nkwenti was part of a conspiracy to commit offenses against the United States.

With regard to the charge of encouraging or inducing an alien to enter the United States, the Government, in addition to the evidence described above, showed that Sylvester carried Nkwenti's credit cards in his suitcase. Also, Nkwenti admitted that she had traveled outside the United States on two occasions prior to her trip to Germany and was familiar with immigration procedures. Nkwenti further admitted that she knew Sylvester since 1993 and that they were about to get married, knew that he was originally from Cameroon, and knew that he had never been to the United States before. Thus, we conclude there was sufficient evidence for a jury to conclude that Nkwenti encouraged or induced Sylvester to enter the United States and either knew or recklessly disregarded the fact that his entry would be unlawful.

Nkwenti further contends that the district court's ruling precluding her from asking Inspector Norman Bird about the Government's investigation into Sylvester or Valentine Seghanka prevented her from arguing her theory of the case. Nkwenti argues that she could have shown that a more thorough investigation would have produced incriminating evidence linking Sylvester and Valentine Seghanka, thus showing that the conspiracy involved only Sylvester and Valentine Seghanka. Because Nkwenti did not specifically object to the court's ruling and did not attempt to make a proffer as to what Inspector Bird's testimony would show, this claim is reviewed for plain error. *See* Fed. R. Evid. 103(a). Because the trial transcripts indicate that Nkwenti was able to argue her defense theory throughout the trial, including on cross-examination of Inspector Bird, we conclude that Nkwenti failed to show that any error on the part of the district court "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *See United States v. Olano*, 507 U.S. 725, 732 (1993) (internal quotation marks omitted).

Finally, Nkwenti contends that the district court erred in applying a two-level sentencing enhancement for obstruction of justice. The district court's factual findings are reviewed for clear error, and its application of the sentencing guidelines is reviewed de novo. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). The district court determines issues related to sentencing by a preponderance of the evidence. *United States v. Engleman*, 916 F.2d 182, 184 (4th Cir. 1990).

The presentence investigation report recommended a two-level sentencing enhancement for obstruction of justice because evidence obtained by immigration authorities indicated that Nkwenti's testimony at trial was false. Obstruction of justice includes "committing, suborning, or attempting to suborn perjury," and "providing materially false information to a judge or magistrate." *U.S. Sentencing Guidelines Manual* § 3C1.1, comment. (n. 4) (2002). Material information means information that "would tend to influence or affect the issue under determination." USSG § 3C1.1, comment. (n. 6).

We conclude that the district court did not err in applying a two-level sentencing enhancement for obstruction of justice. Nkwenti's testimony at trial, that she did not know Valentine Seghanka, was clearly inconsistent with the information obtained from her palm pilot and telephone records showing that she spoke with Valentine on several occasions. Further, this statement was material because it "would tend to influence or affect" the issue of whether Nkwenti knew of the conspiracy to violate the immigration laws. Because this statement provides a sufficient basis for a finding of obstruction of justice, we find it unnecessary to review Nkwenti's arguments relating to her other statements at trial.

Accordingly, we affirm Nkwenti's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*